IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSABLANCA MONIQUE HAYES, § | | |
| Dall. Cnty. Jail Bookin No. 23009974, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | No. 3:23-cv-752-E-BN | |
| § | | |
| DIRECTOR, TDCJ-CID, § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Rosablanca Monique Hayes, detained at the Dallas County jail, charged with misdemeanor assault family violence, filed *pro se* a Petition for Habeas Corpus [Dkt. No. 3], raising violations of due process and the Texas Code of Criminal Procedure and asserting civil claims related to her confinement.

United States District Judge Ada Brown referred the habeas application to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas claims, construed as brought under 28 U.S.C. § 2241, without prejudice to Hayes's right to pursue and exhaust available state remedies, and sever the civil claims into a new action under 42 U.S.C. § 1983.

**I.    Habeas Claims**

"'[A] state prisoner who is not in custody pursuant to a state court judgment'"

– such as one who is in "'pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction'" – may "take advantage of § 2241 relief." *In re Wright*, 826 F.3d 774, 782 (4th Cir. 2016) (quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004)).

That is, such a prisoner may "raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied." *Ray v. Quarterman*, No. 3:06-cv-850-L, 2006 WL 2842122, at *1 (N.D. Tex. July 24, 2006), *rec. adopted*, 2006 WL 2844129 (N.D. Tex. Sept. 29, 2006). Hayes's detention at the jail satisfies the first, "in custody" requirement.

But Hayes must still exhaust "available state remedies." *Ray*, 2006 WL 2842122, at *1 & n.1 (explaining that, "[d]espite the absence of an exhaustion requirement in the statutory language of § 2241, the courts have developed an exhaustion doctrine, holding that federal courts should abstain from the exercise of jurisdiction until the issues are resolved in state court"; citing *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489-92 (1973)); *see also Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) ("With respect to collateral attack on convictions in state court, the requirement was codified in 28 U.S.C. § 2254(b), but the requirement applies to all habeas corpus actions.").

> State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by a currently available and adequate procedure. *Braden*, 410 U.S. at 489. This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas pretrial detainee must present his claim to the Texas Court of Criminal Appeals. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir.

> 1985).
>
> A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent exceptional circumstances, a pre-trial detainee may not adjudicate the merits of his claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489.

*Ray*, 2006 WL 2842122, at *1; *see also Braden*, 410 U.S. at 493 ("Derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed.).

Hayes has not made this showing. The Court should therefore dismiss the habeas claims without prejudice, to allow Hayes to pursue – and exhaust – available state remedies.

## II.    Civil Claims

Where "a petition combines claims that should be asserted in habeas with claims that properly may be pursued as an initial matter under § 1983, and the claims can be separated, federal courts should do so." *Serio v. Members of La. St. Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987) (discussing *Wolff v. McDonnell*, 418 U.S. 539, 554-55 (1974)). Here, in addition to the claims challenging pre-conviction custody under Section 2241, Hayes alleges "negligent tort actions of jail and medical staff"; "constitutional tort action" concerning her "religious freedom"; and that access to the courts has been limited. Dkt. No. 3 at 3-5. Because these claims can be separated from the habeas claims, the Court should sever them and direct the Clerk to open a new, directly-assigned action under 42 U.S.C. § 1983 (NOS 550).

## Recommendation

The Court should dismiss the pending habeas claims without prejudice to

Petitioner Rosablanca Monique Hayes's right to pursue and exhaust available state remedies and sever the civil claims, directing the Clerk of Court to open a new action under 42 U.S.C. § 1983 (NOS 550) based on these claims and directly assigned to United States District Judge Ada Brown and United States Magistrate Judge David L. Horan.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 13, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE